**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KIMBERLY MOORE, TUDOR CIURESCO, ABDEL ABUHASHISH, and REYNOLDS AMOAH,** | ) ) ) ) | **No. 15 CV 1351** |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) ) | **Magistrate Judge Young B. Kim** |
| **VETERANS DISTRIBUTION OF CHICAGO, INC., formerly known as VETERANS MESSENGER SERVICE, INC., and WILLIAM FACTOR,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | **March 16, 2015** |

**ORDER**

This matter coming before the Court on the Parties' agreed motion for approval of their Confidential Settlement Agreement and for dismissal of the case with prejudice, IT IS HEREBY ORDERED:

1.     Plaintiffs brought this action against Defendant Veterans Distribution of Chicago, Inc. ("Veterans") and its owner Defendant William Factor (together, "Defendants"), alleging that they were misclassified as independent contractors, that they should have been considered Veterans' employees, and that they were not paid the full amounts owed to them by Veterans. More specifically, Plaintiffs allege that Veterans failed to pay Plaintiffs all commissions and overtime pay allegedly owed to them by Veterans, and that Veterans made certain deductions from their commissions without their consent. Plaintiffs also allege that irrespective of whether they were employees or independent contractors, Veterans breached their

independent contractor agreements by allegedly not paying the full amounts owed to them. Their claims arise out of the Fair Labor Standards Act ("FLSA"), the Illinois Wage Payment and Collection Act ("IWPCA"), the Illinois Minimum Wage Law ("IMWL") and Illinois common law.

2. The Parties have negotiated a settlement of this matter. The Parties agreed that Plaintiffs would file this action in order to seek Court approval of the Confidential Settlement Agreement reached between the Parties, including, but not limited to, the release of Plaintiffs' FLSA, IMWL, and IWPCA claims against Defendants.

3. The Parties have tendered a copy of the Confidential Settlement Agreement executed by the Parties to the Court. The Confidential Settlement Agreement identifies all terms of the settlement, including the individual settlement awards to be paid to each Plaintiff and the attorneys' fee award to be paid to Plaintiffs' counsel.

4. The Court has reviewed the proposed Confidential Settlement Agreement and the Parties' agreed motion for approval of the settlement. The Court finds that there is a bona fide legal dispute with respect to all of the Plaintiffs' claims, including their FLSA, IMWL, and IWPCA claims. The Court also finds that the total settlement amount and individual settlement awards are reasonable and fair given the legal dispute between the Parties and the risks of litigation. The Court also finds that payment to Plaintiffs' counsel for their attorneys' fees and costs is reasonable.

5.      Accordingly, the Court approves of the Confidential Settlement Agreement, including the release of all claims against Defendants, including those raised in the Complaint.

6.      Plaintiffs' claims against all Defendants are dismissed without prejudice and with leave to reinstate until April 21, 2015, solely for purposes of enforcing the Parties' settlement agreement.

7.      If Plaintiffs do not file a motion to reinstate on or before April 21, 2015, then the dismissal will convert automatically to a dismissal with prejudice, all parties to bear their own attorneys' fees and costs.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

3